UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY NORWOOD,

        Petitioner,

v.
        CASE NO. 2:06-CV-13496
        HONORABLE PATRICK J. DUGGAN

MARY BERGHUIS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING HABEAS PETITION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 24, 2007.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Petitioner Danny Norwood ("Petitioner"), a state prisoner currently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent Mary Berghuis ("Respondent") has filed a motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. For the reasons set forth below, the Court grants Respondent's motion and dismisses the habeas petition.

## I. Facts and Procedural History

On January 14, 1999, Petitioner was convicted of second-degree murder, assault with intent to commit murder, kidnapping, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. On February 25, 1999, he was sentenced to 40 to 60 years imprisonment on the murder conviction, concurrent terms of 25 to 60 years imprisonment on the assault and kidnapping convictions, and a consecutive term of two years imprisonment on the firearm conviction.

Following sentencing, Petitioner filed an appeal as of right in the Michigan Court of Appeals, which affirmed his convictions. *People v. Norwood*, No. 218207, 2001 WL 703961 (Mich. Ct. App. March 20, 2001)(unpublished opinion). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on December 21, 2001. *People v. Norwood*, 465 Mich. 934, 638 N.W.2d 755 (2001).

On December 4, 2002, Petitioner filed a motion for relief from judgment in the trial court, which was denied on August 1, 2003. *See* Wayne Co. Cir. Ct. Docket Sheet. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Norwood*, No. 250833 (Mich. Ct. App. Jan. 26, 2004)(unpublished opinion). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied on October 25, 2004. *People v. Norwood*, 471 Mich. 896, 688 N.W.2d 87 (2004).

Petitioner signed the instant petition for writ of habeas corpus on July 26, 2006. On February 13, 2007, Respondent filed the pending motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner responded to the motion on March 5, 2007.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs this case. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

3

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. Thus Petitioner's request for habeas relief is timely only if it was filed within one year of when his convictions became final, excluding any time during which a properly filed application for state post-conviction or collateral review was pending. 28 U.S.C. §§ 2244(d)(1)(A) & (2).

The Michigan Supreme Court denied Petitioner's direct appeal on December 21, 2001. Petitioner then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13(1). Therefore his convictions became final, for purposes of the AEDPA's statute of limitations, on March 21, 2002. Accordingly, Petitioner was required to file his habeas petition on or before March 21, 2003, excluding any time during which a properly filed application for state post-conviction or collateral review was pending.

4

Petitioner filed his motion for relief from judgment in the state trial court on December 4, 2002. At that point, 258 days of the one-year limitations period had expired. The one-year period was tolled while Petitioner's motion was pending in the state courts. The Michigan Supreme Court denied leave to appeal on October 25, 2004. Pursuant to the Supreme Court's recent decision in *Lawrence v. Florida*, – U.S. –, 127 S. Ct. 1079, 1083 (2007), the period was not tolled during the time when Petitioner could seek a writ of certiorari with the United States Supreme Court. Accordingly, the one-year limitations period continued to run on October 26, 2004, the day after the Michigan Supreme Court denied leave to appeal. Petitioner then had 107 days, until February 9, 2005, in which to file his federal habeas petition. However, he did not sign the present petition until July 26, 2006– well after the expiration of the one-year period. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See, e.g., Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The instant petition is thus untimely and subject to dismissal.

Petitioner, however, asserts that the one-year limitations period should be equitably tolled due to his lack of legal knowledge and mental health problems and because he retained an attorney who failed to timely file a habeas petition. The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling

of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (2003)(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances to justify the filing of his federal habeas action after the expiration of the one-year limitations period. Petitioner asserts that he is entitled to equitable tolling because he lacks legal knowledge and skills. The fact that Petitioner is untrained in the law or that he had to proceed without a lawyer does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

Petitioner asserts that the limitations period should be equitably tolled because although he retained counsel in August 2004, counsel failed to file his habeas petition before the expiration of the one-year period. It is well-settled that there is no constitutional right to an attorney in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566 (1991). Consequently, attorney error resulting in the untimely filing of a habeas petition generally is not a valid basis for equitable tolling. *See Jurado*, 337 F.3d at 644-45 (cases cited therein); *see also Elliott v. DeWitt*, 10 Fed. Appx. 311, 312 (6th Cir. 2001)(unpublished opinion) (holding that "attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling"). Additionally, there is no evidence that retained counsel's alleged misconduct prevented Petitioner from timely filing a habeas petition himself.[1] *See Boyd v. Robinson,* 61 Fed. Appx. 928, 930 (6th Cir. 2003).

Petitioner also claims that mental health problems impeded his ability to timely seek habeas review. "A habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations . . . Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002)(citing *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)). The petitioner has the burden of showing that his mental problems rendered

---

[1] Petitioner indicates that he gave his only copy of the trial transcripts to his retained attorney and was unable to retrieve those transcripts despite numerous attempts. (Pet. at 9 n.4). Nevertheless, the absence of the transcripts did not prevent Petitioner from filing a habeas petition himself, as is evident from the fact that Petitioner was able to submit his *pro se* petition even without those transcripts.

him unable to file a timely habeas petition. *Id.* at 768. Mental illness is a basis for equitable tolling of a limitations period only in "exceptional circumstances." *Id.* (citing *Smith v. Saffle*, 28 Fed. Appx. 759, 760 (10th Cir. 2001)(citing *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

Although Petitioner states that he has some mental health issues for which he receives psychiatric treatment and medications, Petitioner has not established that his mental condition impeded his ability to timely seek review of his convictions. Petitioner indicates that his mental health issues resulted in his transfer between various facilities and placement in certain programs that restricted his use of the prison law library. (Pet. at 7-8). Those transfers and restrictions on his privileges occurred, however, before the Michigan Supreme Court denied his application for leave to appeal the trial court's denial of his motion for relief from judgment. While Petitioner continued to receive treatment for his psychological problems after that point in time, he fails to indicate how that treatment interfered with his ability to timely file his habeas petition.

The record reveals that Petitioner was competent to stand trial, pursued his appellate rights in a timely manner, and sought collateral review in the state courts. The fact that Petitioner was able to take such action, and has been able to proceed before this Court while under the same mental condition, indicates that his mental health issues did not preclude him from managing his legal affairs and acting upon them during the relevant time period. *See Brown*, 232 F. Supp. 2d at 768 (citing *Miller v. Runyon*, 773

8

F.3d 189, 191 (7th Cir. 1996)). Thus the Court finds that Petitioner fails to establish that his mental condition prevented him from timely seeking federal habeas review.

Petitioner also has not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment nearly nine months after his convictions became final and filed his federal habeas petition more than 14 months after the conclusion of the state collateral proceedings. Given such circumstances, the Court concludes that Petitioner is not entitled to equitable tolling under *Dunlap*, *supra*.

The Sixth Circuit has held that a credible claim of actual innocence also may equitably toll the AEDPA's one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611. Petitioner has made no such showing. He is thus not entitled to equitable tolling of the one-year period.

## III.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                          PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Danny Norwood, #178839
Ernest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Laura A. Cook, Esq.