UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY NORWOOD,

        Petitioner,

                          CASE NO. 2:06-CV-13496
v.                         HONORABLE PATRICK J. DUGGAN

MARY BERGHUIS,

        Respondent.
_____/

## ORDER DENYING (1) PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND (2) APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 29, 2007.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 3, 2006, Petitioner filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent thereafter filed a motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. In an opinion and order issued on April 24, 2007, this Court agreed that the applicable statute of limitations precludes habeas review of Petitioner's application and, therefore, the Court dismissed the habeas petition with prejudice. Seeking to appeal the Court's decision, Petitioner filed a motion for a

certificate of appealability and an application for leave to proceed on appeal *in forma pauperis* on May 21, 2007.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).

When a federal district court denies a habeas claim on procedural grounds without addressing the merits of the petitioner's claims, a different standard applies. In that case, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85, 120 S. Ct. 1604.

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

As explained in the Court's dismissal order, Petitioner's habeas petition is barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner has not established that the one-year period should be statutorily tolled. He also has not established that the one-year period should be equitably tolled. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001); *see also Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). Petitioner's lack of legal knowledge does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Attorney error also is not a basis for equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *Boyd v. Robinson*, 61 Fed. Appx. 928, 930 (6th Cir. 2003). Lastly, possible mental illness is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Although Petitioner has some mental health problems which require treatment, he has not shown that his mental health issues or his conditions of confinement precluded him from timely seeking review of his convictions. Petitioner has not shown that reasonable jurists would find this Court's dismissal of his habeas petition on statute of limitations grounds debatable.

Accordingly, the Court **DENIES** Petitioner' motion for a certificate of appealability. The Court also **DENIES** Petitioner's application for leave to proceed on appeal *in forma pauperis*. See FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Danny Norwood, #178839
Ernest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Laura A. Cook, Esq.